**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
        chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Tammara Wade**, | No. |
| Plaintiff, | |
| vs. | **VERIFIED COMPLAINT** |
| **Legacy Inn & Suites, LLC**, and **Gaylord Yost and Jane Doe Yost**, a Married Couple, | |
| Defendants. | |

Plaintiff, Tammara Wade ("Plaintiff" or "Tammara Wade"), sues the Defendants

Legacy Inn & Suites, LLC and Gaylord Yost and Jane Doe Yost ("Defendants" or "Best

Western Legacy Inn & Suites") and alleges as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for unpaid minimum wages, liquidated damages,

attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 201, et seq.; unpaid minimum wage under the Arizona Minimum Wage Act

("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8; and

unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article 7.

2.     The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." <u>Barrentine v. Ark Best Freight Sys. Inc.</u>, 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  <u>See</u> 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.  <u>See</u> 29 U.S.C § 207.

3.     The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4.     The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and

1   Defendants regularly conduct business in and have engaged in the wrongful conduct

2   alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

3   <u>**PARTIES**</u>

4

5   7.      At all times material to the matters alleged in this Complaint, Plaintiff was

6   an individual residing in Maricopa County, Arizona, and is a former employee of

7   Defendants.

8   8.      At all material times, Legacy Inn & Suites, LLC was a limited liability

9   company duly licensed to transact business in the State of Arizona.  At all material times,

10  Defendant Legacy Inn & Suites, LLC does business, has offices, and/or maintains agents

11

12  for the transaction of its customary business in Maricopa County, Arizona.

13  9.      At all relevant times, Defendant Legacy Inn & Suites, LLC owned and

14  operated as "Best Western Legacy Inn & Suites," a hotel doing business in Maricopa

15

16  County, Arizona.

17  10.     Under the FLSA, Defendant Legacy Inn & Suites, LLC is an employer.

18  The FLSA defines "employer" as any person who acts directly or indirectly in the interest

19  of an employer in relation to an employee.  At all relevant times, Defendant Legacy Inn

20

21  & Suites, LLC had the authority to hire and fire employees, supervised and controlled

22  work schedules or the conditions of employment, determined the rate and method of

23  payment, and maintained employment records in connection with Plaintiff's employment

24  with Defendants.  As a person who acted in the interest of Best Western Legacy Inn &

25

26  Suites in relation to the company's employees, Defendant Legacy Inn & Suites, LLC is

27  subject to liability under the FLSA.

11.     Defendants Gaylord Yost and Jane Doe Yost are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Gaylord Yost and Jane Doe Yost are owners of Best Western Legacy Inn & Suites and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

12.     Under the FLSA, Defendants Gaylord Yost and Jane Doe Yost are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Gaylord Yost and Jane Doe Yost had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Best Western Legacy Inn & Suites in relation to the company's employees, Defendants Gaylord Yost and Jane Doe Yost are subject to individual liability under the FLSA.

13.     Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

14.     Defendants, and each of them, are sued in both their individual and corporate capacities.

15.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

16.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

17.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

18.     At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

19.     The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

20.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

21.     At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

22.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

23.     Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

24.     At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

25.     At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

26.     Plaintiff, in her work for Defendants, regularly handled goods produced or transported in interstate commerce.

# FACTUAL ALLEGATIONS

27.     Defendants own and/or operate as Best Western Legacy Inn & Suites, an enterprise doing business in Maricopa County, Arizona.

28.     Defendant Legacy Inn & Suites, LLC operates one or more Best Western Hotels in Maricopa County, Arizona.

29.     Plaintiff was hired by Defendants on or about January 13, 2022 and worked about two shifts during a single workweek.

30.     At all relevant times, Plaintiff worked for Defendants until approximately January 14, 2022.

31.     At all relevant times, in her work for Defendants, Plaintiff worked as a front desk clerk at the Best Western Legacy Inn & Suites located at 4470 South Power Road, Mesa, AZ 85212.

32.     Defendants, in their sole discretion, agreed to pay Plaintiff an hourly rate of $15.00.

33.     Upon information and belief, Plaintiff worked approximately 16 to 20 hours in her sole workweek of employment with Defendant.

34.     Defendants failed to compensate Plaintiff any wage whatsoever for the hours she spent working for Defendants during the sole workweek of her employment with Defendant.

35.     On or about January 14, 2022, Defendants fired Plaintiff from her employment with Defendants.

36. When she was fired, Defendants explicitly instructed her never to set foot on the hotel premises again.

37. When she was fired, Defendants had in their possession Plaintiff's address.

38. However, Defendants never sent Plaintiff a check for the wages she had earned.

39. Shortly after having been fired from her job with Defendants, Plaintiff called Defendants' human resources department and asked for her check.

40. In response, Defendants' human resources department informed Plaintiff that there was no check for her, and that she was not going to be paid for the work she performed.

41. As a result of not having paid any wage whatsoever to Plaintiff during her sole workweek of employment with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

42. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever her final week of work, Defendants violated 29 U.S.C. § 206(a).

43. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for her final week of work, Defendants violated the AMWA, A.R.S. § 23-363.

44. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for her final week of work, Defendants violated the AWA, A.R.S., § 23-351.

45. Plaintiff was a non-exempt employee.

46.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

47.     Plaintiff is a covered employee within the meaning of the FLSA.

48.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

49.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

50.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

51.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

52.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for her unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of her unpaid wages, plus interest thereon, and her costs incurred under A.R.S. § 23-355.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

53.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

54.    As a result of not paying Plaintiff any wage whatsoever for the hours she worked in her sole workweek of employment, Defendants failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

55.    Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

56.    Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Tammara Wade, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.    For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

B.    For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest;

E.   For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.   Such other relief as this Court shall deem just and proper.

## COUNT TWO: ARIZONA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

57.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

58.   As a result of not paying Plaintiff any wage whatsoever for the hours she worked in her sole workweek of employment, Defendants failed or refused to pay Plaintiff the Arizona minimum wage.

59.   Defendant's practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

60.   Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Tammara Wade, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.   For the Court to declare and find that the Defendant violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages;

B.     For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.     For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.     Such other relief as this Court shall deem just and proper.

**COUNT THREE: ARIZONA WAGE ACT**
**FAILURE TO PAY WAGES DUE AND OWING**

61.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

62.     As a result of the allegations contained herein, Defendants did not compensate Plaintiff wages due and owing to her.

63.     Defendants engaged in such conduct in direct violation of A.R.S. § 23-350.

64.     As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the entire time she was employed by Defendants.

65.     Plaintiff is therefore entitled to compensation for her unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of her unpaid wages, plus interest thereon, and her costs incurred.

1    **WHEREFORE**, Plaintiff, Tammara Wade, requests that this Court grant the

2    following relief in Plaintiff's favor, and against Defendants:

3    A.    For the Court to declare and find that the Defendants violated the unpaid

4

5    wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due

6    and owing to Plaintiff;

7    B.    For the Court to award an amount that is treble Plaintiff's unpaid wages

8    pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

9

10   C.    For the Court to award prejudgment and post-judgment interest on any

11   damages awarded;

12   D.    For the Court to award Plaintiff's reasonable attorneys' fees and costs of

13   the action and all other causes of action set forth in this Complaint; and

14

15   E.    Such other relief as this Court deems just and proper.

16   ## JURY TRIAL DEMAND

17   Plaintiff hereby demands a trial by jury on all issues so triable.

18   RESPECTFULLY SUBMITTED this 6th day of April, 2022.

19

20                                 BENDAU & BENDAU PLLC

21                                 By: /s/ *Clifford P. Bendau, II*
22                                 Clifford P. Bendau, II
                                   Christopher J. Bendau
23                                 *Attorneys for Plaintiff*

24

25

26

27

### <u>VERIFICATION</u>

1

2        Plaintiff, Tammara Wade, declares under penalty of perjury that she has read the

3   foregoing Verified Complaint and is familiar with the contents thereof.  The matters

4   asserted therein are true and based on her personal knowledge, except as to those matters

5   stated upon information and belief, and, as to those matters, she believes them to be true.

6

7

8                                      Tammara Wade (Apr 6, 2022 21:28 PDT)

9                                      Tammara Wade

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27